**Didar AHAMED, Monika Ahamed, and Dishamoni Ahamed, Petitioners,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 03–71594.

Agency Nos. A75 528 042, A76 715 392, A76 715 393.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

---

\* The panel unamiously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Decided Feb. 7, 2006.

Sabbir Ahmed, Law Offices, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Norah Ascoli Schwarz, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, and LEAVY, Circuit Judges, and SEDWICK, District Judge.**

MEMORANDUM***

Didar, Monika, and Dishamoni Ahamed, natives of Bangledesh, appeal the Board of Immigration Appeals' ("BIA") decision summarily affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, and may reverse the BIA's decision only if the evidence compels a contrary conclusion. *Xiaoguang Gu v. Gonzales,* 429 F.3d 1209, 1212 (9th Cir. 2005). Because the BIA affirmed without opinion, we review the IJ's decision as the final agency determination. *Id.*

** The Honorable John W. Sedwick, Chief District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

To prevail on their asylum claims under the Immigration and Nationality Act ("Act"), petitioners must establish that they are refugees. *Id.* (citing 8 U.S.C. § 1158(b)). "A 'refugee' is defined as an alien who is unable or unwilling to return to his home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Id.* (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, petitioners must establish a "clear probability" that their "life or freedom would be threatened" upon return because of one of these five protected grounds. *Thomas v. Gonzales,* 409 F.3d 1177, 1182 (9th Cir.2005) (en banc) (citations omitted).

Petitioners claim that they are Biharis who are in essence stateless and that this was the reason for their difficulty in Bangladesh. Statelessness alone does not warrant a grant of asylum, as the Act explicitly contemplates asylum applicants with "no nationality." 8 U.S.C. § 1101(a)(42)(A). Such applicants are evaluated by referring to their country of last habitual residence. *Id.*

Petitioner Didar Ahamed testified that he was beaten twice by gangsters from the refugee camp where he resided, and that on one occasion gangsters tried to break down the door of his residence, but did not come in. Mr. Ahamed also testified that the gangsters targeted him because of his opposition to their criminal activities. Didar and Monika Ahamed further testified that the Bangladesh government did nothing about the gangsters.

Even accepting petitioners' testimony as true, petitioners fail to establish by compelling evidence either past persecution or a well-founded fear of persecution on account of a statutorily protected ground. Accordingly, we conclude that substantial evidence supports the BIA's decision denying asylum.

Because petitioners failed to prove eligibility for asylum, they necessarily fail to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003); *Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Petitioners' request for relief under the Convention Against Torture is barred because it was not raised in their notice of appeal to the BIA nor in what petitioners attached as "Appellants' Statement in Support of Appeal." *See Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1187 n. 1 (9th Cir.2005) (noting exhaustion requirement).

**PETITION FOR REVIEW DENIED.**